## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 5:23-cv-105** |
| | § | |
| **v.** | § | |
| | § | |
| **CLAUDIA P. LERMA, AMANDO** | § | |
| **EMMANUEL LERMA III, JULISSA** | § | |
| **LERMA WALKER, MARISSA LERMA,** | § | |
| **AND ALEJANDRO LERMA,** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

Plaintiff PHH Mortgage Corporation ("Plaintiff" or "PHH"), files this, its *Amended Motion forDefault Judgment* as to Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma, and respectfully shows as follows:

### I.   BACKGROUND

1.    Plaintiff filed its *Original Complaint* against Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma on September 27, 2023, seeking a judgment from this Court allowing foreclosure of certain real property located at 733 Snake Drive, Laredo, Texas 78045. [ECF Docket No. 1].

2.    Defendant Claudia P. Lerma was served with a copy of Plaintiff's Original Complaint via personal service on October 4, 2023. [ECF Docket No. 10]. Her answer or other response to the Original Complaint was due on October 25, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Claudia P. Lerma failed to serve an answer to the Original Complaint.

3.    Defendant Julissa Lerma Walker was served with a copy of Plaintiff's Original Complaint via personal service on October 13, 2023. [ECF Docket No. 8]. Her answer or other

response to the Original Complaint was due on November 3, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Julissa Lerma Walker failed to serve an answer to the Original Complaint.

4.      Defendant Amando Emmanuel Lerma III was served with a copy of Plaintiff's Original Complaint via personal service on October 6, 2023. [ECF Docket No. 9]. His answer or other response to the Original Complaint was due on October 27, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Amando Emmanuel Lerma III failed to serve an answer to the Original Complaint.

5.      Alejandro Lerma was served with a copy of Plaintiff's Original Complaint via personal service on October 4, 2023. [ECF Docket No. 15].  His answer or other response to the Original Complaint was due on October 25, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Alejandro Lerma failed to serve an answer to the Original Complaint.

6.      Plaintiff filed its First Amended Complaint ("Amended Complaint") on January 22, 2024, against Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, Alejandro Lerma, and Marissa Lerma. [ECF Docket No. 29]. The Amended Complaint was filed to add Marissa Lerma as a Defendant, as she was erroneously excluded from the Original Complaint.

7.      Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma were served with a copy of the Amended Complaint by regular and certified mail. Specifically, Plaintiff's counsel mailed a copy of the Amended Complaint by regular mail and certified mail on January 23, 2024, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) at their last reported mailing addresses. [ECF Docket No. 33.]

8.      Defendant Marissa Lerma was served with a copy of Plaintiff's First Amended Complaint via personal service on April 10, 2024. [ECF Docket No. 36]. Her answer or other

response to the Original Complaint was due on April 26, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Marissa Lerma failed to serve an answer to the First Amended Complaint.

9.      The Court subsequently issued an order requiring Defendants to file an answer or other response to the Amended Complaint on or before May 3, 2024. [ECF Docket No. 36].

10.     No answers were filed. On August 9, 2024, the Clerk of this Court entered default against Defendants on all claims against them filed by Plaintiff. [ECF Docket No. 41].

11.     On September 18, 2024, Plaintiff filed its Motion for Default Judgment and Brief in Support ("Motion for Default") against Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, Alejandro Lerma, and Marissa Lerma. [ECF Docket No. 43].

12.     On August 4, 2025, the Court entered a Memorandum and Order granting Plaintiff's Motion for Default against Defendant Marissa Lerma and denying Plaintiff's Motion for Default against Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma (hereinafter "Defendants"). [ECF Docket No. 44].

13.     As of the date of the present filing, Defendants have not answered or otherwise appeared in this action. In accordance with the Court's Order, Plaintiff files this Amended Motion for Default Judgment to address the deficiencies in the previous pleadings regarding the relationship between Defendants and the deceased borrower on the subject mortgage loan.

14.     Defendants are the heirs at law of the now deceased borrower, Melissa Lerma. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001(d)(1), the heirs at law of the Decedent acquired all her estate, including an undivided interest in the subject real property immediately upon her passing.

15.     Defendant Claudia P. Lerma is an heir at law and Mother of deceased borrower Melissa Lerma. Her last known address is 10309 Kingsbury Dr., Corpus Christi, TX 78410.

16.     Defendant Amando Emmanuel Lerma III is an heir at law and brother of deceased borrower Melissa Lerma. His last known address is 3534 Sinaloa Dr., Laredo, TX 78046.

17.     Defendant Julissa Lerma Walker is an heir at law and sister of deceased borrower Melissa Lerma. Her last known address is 10309 Kingsbury Dr., Corpus Christi, TX 78410.

18.     Defendant Alejandro Lerma is an heir at law and brother of deceased borrower Melissa Lerma. His last known address is 311 Lake Clark, Laredo, TX 78041.

19.     Defendants are not on active-duty military status. *See* **Exhibit A-1**.

20.     Plaintiff now asks the Court to Grant its Amended Motion for Default Judgment as to Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma.

## II.    LEGAL STANDARD

21.     Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.    ARGUMENT AND AUTHORITIES

22.     The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants to all allegations in the Complaint. The facts asserted in the Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the

Complaint, Defendants have admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

23.    With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

24.    Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 733 Snake Drive, Laredo, Texas 78045 (The "Property"), and more particularly described as:

> SITUATED IN WEBB COUNTY, TEXAS AND BEING THE SURFACE ONLY OF LOT NUMBER SEVENTEEN (17), IN BLOCK NUMBER FOURTEEN (14), DEERFIELD SUBDIVISION, PHASE 3, A SUBDIVISION SITUATED IN THE CITY OF LAREDO, AS PER AMENDED PLAT RECORDED IN VOLUME 21, PAGE 94, WEBB COUNTY PLAT RECORDS.

Therefore, no hearing is necessary to establish Plaintiff's damages.

25.    In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas

---

law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

26.     The Complaint alleges that on or about November 19, 2010, Decedent Melissa Lerma ("Borrower") executed that certain *Note* (the "Note") in the principal amount of $94,541.00, bearing interest rate of 4.000% per annum. [*See* ECF Docket No. 29 at ¶ 18].

27.     Concurrently with the execution of the Note, Borrower executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Clearpoint Funding Inc. ("Clearpoint"), its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Real Property Records of Webb County, Texas, as Document No. 1087583 on November 23, 2010. [*See* ECF Docket No. 29 at ¶ 19]. Plaintiff further alleges that it is the current holder of the blank endorsed Note, with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 29 at ¶ 20-22].

28.     Decedent passed away on or about August 28, 2022 [See ECF Docket No. 29 at ¶ 23.] Upon information and belief, no probate was opened for her. In accordance with Texas Estates Code §§ 101.001(b), 101.051, and 201.001(d)(1), Defendants, as heirs, acquired her interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 29 at ¶ 23].

29.     The Loan Agreement is in default as of December 1, 2022, and all subsequent payments.  [*See* ECF Docket No. 29 at ¶ 26]. Notice of Default was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 29 at ¶ 27]. As a result, the maturity of the debt was accelerated on August 10, 2021. [*See* ECF

Docket No. 29 at ¶ 27]. Therefore, the Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

30.     Plaintiff requested reasonable and necessary attorney's fees and costs against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Borrower. See Doc. 29, Pg. 21, ¶ 18. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. Plaintiff requests that the award of attorney's fees be made not as a monetary judgment against Defendants, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

31.     As of August 7, 2025, Plaintiff has incurred $9,849.00 in reasonable and necessary attorneys' fees and costs in filing and prosecuting Plaintiff's claims to enforce its interest in certain real property because of the default under the subject Loan Agreement. *See* **Exhibit A**, Declaration of John M. Gregory attached hereto. A true and correct copy of the detailed billing statements showing the attorneys' fees by name, date, and amount is attached hereto as **Exhibit A-2**.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendants Claudia P. Lerma, Amando Emmanuel Lerma III, Julissa Lerma Walker, and Alejandro Lerma on all claims asserted against them in Plaintiff's First Amended Complaint, and award Plaintiff the following relief:

a.   Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument.

b.   Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

c.   Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court.

d.   Judgment against Defendants declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

e.   Any other relief to which the Court deems Plaintiff is entitled.


Respectfully submitted,

By:  _/s/ John M. Gregory_____
**JOHN M. GREGORY**
Texas Bar No. 24138787
Southern District Admission #3869561
jgregory@mwzmlaw.com


**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 11, 2025, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**<u>VIA CMRR# 9314 7699 0430 0138 3537 85</u>**
**<u>And U.S. Mail:</u>**
Marissa Lerma
733 Snake Drive
Laredo, Texas 78045

**<u>VIA CMRR# 9314 7699 0430 0138 3539 83</u>**
**<u>And U.S. Mail:</u>**
Claudia P. Lerma
10309 Kingsbury Drive
Corpus Christi, Texas 78410

**<u>VIA CMRR# 9314 7699 0430 0138 3541 26</u>**
**<u>And U.S. Mail:</u>**
Julissa Lerma Walker
10309 Kingsbury Drive
Corpus Christi, Texas 78410

**<u>VIA CMRR# 9314 7699 0430 0138 3542 32</u>**
**<u>And U.S. Mail:</u>**
Amando Emmanuel Lerma III
3534 Sinaloa Drive
Laredo, Texas 78046

**<u>VIA CMRR#9314 7699 0430 0138 3542 63</u>**
**<u>And U.S. Mail:</u>**
Alejandro Lerma
311 Lake Clark Court
Laredo, Texas 78041

*/s/ John M. Gregory*
**JOHN M. GREGORY**